# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL D. COOLEY,

      Appellant,

       v.

DEPARTMENT OF HOMELAND
   SECURITY,

      Agency.

DOCKET NUMBER
DC-1221-15-0057-W-1

DATE: June 11, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Robert P. Waldeck, Esquire, Washington, D.C., for the appellant.

Jessica A. Neff, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant served as an officer-technician with the U.S. Secret Service assigned to the canine section of the special operations division when the incident giving rise to the instant action occurred. Initial Appeal File (IAF), Tab 6 at 50, 75. Based on his position as an officer-technician, the appellant received an additional 6 percent of his basic pay and he was also eligible to receive additional daily compensation for the boarding and caretaking of his assigned canine. *Id.* at 70-71; *see* 5 U.S.C. § 10206 (authorizing an additional 6 percent compensation for technician positions). As an officer of the canine section, the appellant was primarily responsible for conducting explosives detection with the assistance of his assigned canine, and he performed this function at several checkpoints in and around the White House complex in Washington, D.C. IAF, Tab 6 at 44.

¶3 On December 3, 2013, the appellant was assigned to a vehicle checkpoint at the New Executive Office Building, which is part of the White House complex. *Id.* During an explosives sweep of a vehicle at the checkpoint, the appellant became involved in a verbal and physical altercation with the driver of the vehicle, who also was an employee of the U.S. Secret Service. *Id.* Although the parties dispute what precipitated the altercation, the appellant asserts that the

driver began to move his vehicle away from the checkpoint before the sweep of the vehicle was completed and that, after he directed the driver to stop, the driver emerged from the vehicle and confronted the appellant, thus leading to a verbal altercation between them. *Id*.; *see* IAF, Tab 13 at 5-6. The appellant alleges that the vehicle driver then leaned forward into him, causing him to fall backward and lose control of his canine. *See* IAF, Tab 13 at 6. After the appellant regained control of his canine, the driver proceeded through the checkpoint, and the appellant documented the incident in a written memorandum dated the same day. *Id*.; *see* IAF, Tab 6 at 55-56.

¶4      The appellant alleges that, 2 weeks after submitting his memorandum, in which he complained of both an alleged assault and a breach of agency policies on the other employee's part, agency officials retaliated against him by transferring him out of the canine section and to an officer position with the Vice Presidential protective division at the Naval Observatory complex. IAF, Tab 1. The appellant, based on his transfer out of the canine section, lost his enhanced officer-technician compensation, as well as custody of his canine and the additional pay he received for boarding and caring for his canine. IAF, Tab 6 at 50.

¶5      The appellant filed a complaint of whistleblower reprisal with the Office of Special Counsel and thereafter filed a timely IRA appeal challenging his reassignment. IAF, Tab 1. The assigned administrative judge found that the appellant nonfrivolously alleged that he made a protected disclosure, which was a contributing factor in the challenged personnel action, and, following a hearing, denied the appellant's request for corrective action. IAF, Tab 20, Initial Decision (ID). The appellant has filed a petition for review challenging the denial of corrective action, arguing that the agency failed to establish by clear and convincing evidence that it would have taken the same action absent his whistleblowing. Petition for Review (PFR) File, Tab 1 at 7-10. Specifically, the appellant challenges the administrative judge's conclusion that the agency

adequately explained why it reassigned the appellant but not the other employee involved in the altercation. *Id*. The agency has filed a response to the petition for review. PFR File, Tab 3.

¶6 After establishing the Board's jurisdiction in an IRA appeal, the appellant must then establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him. *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015); *see* 5 U.S.C. § 1221(e)(1). If the appellant makes this prima facie showing, then the agency must prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure. *Lu*, 122 M.S.P.R. 335, ¶ 7. In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of the action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency took similar actions against employees who were not whistleblowers but who were otherwise similarly situated. *Id*. (citing *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999)). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence. Rather, the Board will weigh the factors together to determine whether the evidence as a whole is clear and convincing. *Id*.

¶7 Neither party challenges the administrative judge's findings that the appellant made a protected disclosure under 5 U.S.C. § 2302(b)(8), which was a contributing factor in his reassignment, and we find no reason to differ with the administrative judge's conclusions. ID at 9-10. On review, however, the appellant argues that the agency did not adequately explain why it treated the other employee involved in the altercation more favorably by not reassigning or demoting him and that the agency's proffered reason for reassigning the appellant, i.e., that he demonstrated poor judgment and needed more direct

supervision, is not supported by the record.  PFR File, Tab 1 at 7-10.  For the reasons that follow, we agree with the administrative judge that the agency established by clear and convincing evidence that the appellant's reassignment was based on his conduct during the altercation, and not on his protected whistleblowing, and we AFFIRM the denial of corrective action.

¶8     First, we agree with the administrative judge that the agency had a strong reason for reassigning the appellant following his altercation with another agency employee.  The appellant admitted below that he used aggressive language toward the driver as he exited his vehicle, and the record reflects that the vehicle checkpoint at which the altercation took place is open and visible to the public.  ID at 11; *see* IAF, Tab 6 at 55 (appellant's memorandum admitting that he instructed the other employee to "get the [expletive] back into your car" three times).  The administrative judge, moreover, credited the agency-officials' testimony that the appellant could have deescalated the situation by not aggressively confronting the other employee, and the appellant has presented no specific challenge to the administrative judge's credibility and factual findings which, under these circumstances, warrant our deference.  *See, e.g.*, *Taylor v. U.S. Postal Service*, 23 M.S.P.R. 48, 50 (1984).

¶9     We also agree with the administrative judge that the agency adequately explained why it transferred the appellant following the altercation.  ID at 11, 15-16.  In support of its decision to reassign the appellant, the agency explained that canine officer-technicians have a significant degree of autonomy and latitude, and that, while they are expected to follow the instructions of any superior officer, canine officer-technicians do not receive significant, direct onsite supervision from their immediate chain of command.  ID at 15-16 (citing hearing testimony); *see* IAF, Tab 6 at 44.  Based upon the appellant's altercation with the other agency employee, the appellant's supervisory chain of command lost confidence in his ability to work in an independent environment, and they transferred him to another section where there was a greater likelihood of direct

supervision. ID at 15-16 (citing hearing testimony). The agency officials, moreover, considered and rejected moving the appellant to other duty locations, other than the Naval Observatory, where it was likely that he would encounter the other employee involved in the altercation. ID at 12 (citing hearing testimony). We agree with the administrative judge that the decision to transfer the appellant to the Naval Observatory was primarily based on his actions and conduct and that the reassignment would have occurred even absent his memorandum complaining of a possible assault and breach of agency policies. ID at 16; *see Fisher v. Environmental Protection Agency*, 108 M.S.P.R. 296, ¶ 17 (2008) (finding appellant's 4-day suspension "well-supported" by the evidence). The appellant, moreover, has cited only generally to the hearing transcript for the proposition that he received adequate supervision in his prior officer-technician assignment and that his transfer was not required. PFR File, Tab 1 at 10 (citing IAF, Tab 19, Hearing Compact Disc). General objections to the initial decision, without more, fail to establish a basis for reversing an initial decision on petition for review. *See Dinkins v. Office of Personnel Management*, 70 M.S.P.R. 427, 429 (1996); 5 C.F.R. § 1201.115(a).

¶10        Finally, we concur with the administrative judge that the agency officials involved in the challenged personnel action did not have a strong motive to retaliate against the appellant and that the agency's decision not to transfer the other employee involved in the altercation was based on that employee's position with the agency and the level of supervision he was receiving at the time of the incident. ID at 14, 16. The record reflects that the appellant's disclosure did not personally implicate either the assistant chief or the chief of the agency's Uniformed Division—the two officials involved in effecting the appellant's transfer—and we find no reason to differ with the administrative judge's conclusion that neither of these individuals held a personal animus toward the appellant. *See Powers v. Department of the Navy*, 97 M.S.P.R. 554, ¶ 22 (2004); ID at 14. Additionally, we agree with the administrative judge that although the

other employee, who was involved in the same incident, was not reassigned, this fact without more, does not demonstrate that the appellant's transfer was in reprisal for his memorandum. *See Lu*, 122 M.S.P.R. 335, ¶ 7 (explaining that the Board will assess the evidence as a whole in determining if the agency has met its burden by clear and convincing evidence). As explained by the administrative judge, unlike the appellant, the other employee involved in the altercation had direct onsite supervision, and she credited the agency's argument that transferring the other employee would not have led to an increased level of supervision over that employee. ID at 16. The appellant has presented no countervailing evidence, and we find no reason to disturb the administrative judge's factual conclusions on this point. *See Dinkins*, 70 M.S.P.R. at 429.

¶11 Accordingly, based on the totality of the evidence, we agree with the administrative judge that the agency established by clear and convincing evidence that it reassigned the appellant because of his conduct and not because of his memorandum detailing his altercation with a fellow agency employee. *See Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 37 (2013) (a proper analysis of the clear and convincing issue requires all of the evidence to be considered) (citing *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012)). The administrative judge's denial of corrective action, therefore, is AFFIRMED.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website

at   http://www.mspb.gov/probono   for   information   regarding   pro   bono representation for Merit Systems Protection Board appellants before the Federal Circuit.    The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____

                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.